# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON ELLIOTT, # 31034-037 | : | Criminal No. PJM-97-53 |
| | | Civil No. PJM-09-3469 |
| v. | : | |
| UNITED STATES OF AMERICA | : | |

o0o

## MEMORANDUM OPINION

Before the Court is a pro se Motion to Vacate under 28 U.S.C. § 2255 filed by Damon Elliott, a federal inmate. The Petition will be dismissed for lack of jurisdiction.

### Procedural Background

On November 11, 1997, the Court sentenced Elliott to 189 months incarceration after a jury found him guilty of aggravated sexual abuse in violation of 18 U.S.C. §2241. The judgment was affirmed on appeal. The Court denied Elliott's first 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence on April 5, 2000. The Fourth Circuit later denied Elliott's request for a certificate of appealability. Elliott's subsequent attempts to collaterally challenge his sentence and conviction were dismissed without prejudice after they were construed as successive §2255 motions filed without prior Fourth Circuit authorization. *See* Civil Action No. PJM-07-2018, *Elliott v. United States of America* (D. Md.)*;* Civil Action PJM-07-2489, *Elliott v. United States of America* (D. Md.); *Elliott v. United States of America*, PJM-08-11 (D. Md).

### Analysis

This is Elliott's fifth petition to challenge his conviction. Successive §2255 petitions may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)&

2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Such authorization is granted only if the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

Elliott does not demonstrate that he has obtained the requisite authorization from the United States Court of Appeals for the Fourth Circuit.[1] Accordingly, the Court will dismiss the Petition without prejudice for lack of jurisdiction.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (2000). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Elliott does not satisfy this standard, and the court declines to issue a certificate of appealability. Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such

---

[1] Elliott was previously provided information explaining how to request authorization to file a successive §2255 petition. *See* Civil Action No. PJM-07-2018, *Elliott v. United States of America*.

permission. A separate Order consistent with this Memorandum Opinion follows.


January 11, 2010                                              /s/
                                                    PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE